12-2633-cr
United States v. Schaefer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand thirteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
*Circuit Judges*,
BRIAN M. COGAN,
*District Judge.*[*]

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
*Appellee*,

v.                                                              No. 12-2633-cr

WILLIAM E. SCHAEFER,
*Defendant-Appellant*.
------------------------------------------------------------------------

---

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:              John G. Poli, III, Esq., Huntington, New York.

FOR APPELLEE:               Susan Corkery, Michael P. Canty, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on July 3, 2012, is AFFIRMED.

William E. Schaefer, who stands convicted after a jury trial of unlawful possession of child pornography, see 18 U.S.C. § 2252(a)(4)(B), (b)(2), appeals the denial of his motion to suppress evidence, arguing that his computer was searched and then seized without his voluntary consent or, in the alternative, after he withdrew that consent. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Consent To Search

Insofar as Schaefer challenges Judge Bianco's finding that the suppression hearing evidence "clearly and overwhelmingly indicate[s] that the defendant's consent was freely and voluntarily given," Hr'g Tr. 7–8, we view that evidence in the light most favorable to the government and will not reverse except for clear error. See United States v. Snype, 441 F.3d 119, 131 (2d Cir. 2006). The record admits no such conclusion here. Although it was

2

undisputed that an agent refused to allow Schaefer to telephone his brother on the date at issue, the totality of circumstances supports Judge Bianco's finding that the refusal could not reasonably be understood to have coerced Schaefer's subsequent consent to search, see Schneckloth v. Bustamonte, 412 U.S. 218, 248–49 (1973); United States v. Snype, 441 F.3d at 131, particularly as Schaefer's consent was given in writing on a form that specifically advised him of his right to refuse consent. Schaefer's other challenges to the findings of fact informing the district court's assessment of consent are similarly meritless.

Accordingly, we uphold the challenged finding of consent.

2.      Withdrawal of Consent

Schaefer submits that, even if he voluntarily consented to the search of his computer, he revoked that consent when he turned the computer off after an agent found child pornography images on the machine.   We identify no clear error in the district court's finding that a reasonable officer would not have understood this conduct, by itself, to be a withdrawal of consent.  See generally Florida v. Jimeno, 500 U.S. 248, 251–52 (1991) (setting forth objective reasonableness test for scope of consent, but observing that "[a] suspect may of course delimit as he chooses the scope of the search to which he consents"); United States v. Elliott, 50 F.3d 180, 186 (2d Cir. 1995) (holding search not to violate Fourth Amendment where officers' "belief that [apparent landlord] had the power to consent and that he had not revoked that consent was reasonable" (emphasis added)).

3

Insofar as Schaefer testified that, when turning off the computer, he told the agent, "I changed my mind," the district court acted well within its discretion in discrediting this testimony. See United States v. Isiofia, 370 F.3d 226, 232 (2d Cir. 2004) (recognizing great deference due district court's credibility findings because it alone can observe variations in demeanor and voice bearing on witness veracity). Indeed, the credibility of Schaefer's withdrawal claim before the district court was seriously undermined by his own testimony insisting that he signed the consent form only after agents had searched his computer prompting him to switch it off. Insofar as he must disavow his own testimony before the district court to argue clear error on appeal, we necessarily conclude that the record, viewed in the light most favorable to the government, admits no such error.

We have considered Schaefer's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court